IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **MICHAEL GREENE,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>**CINTAS CORPORATION,** a Washington corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Michael Greene ("Plaintiff Greene" or "Greene") brings this Class Action Complaint and Demand for Jury Trial against Defendant Cintas Corporation ("Defendant" or "Cintas") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing calls to phone numbers that are registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Greene, for this Complaint, alleges as follows upon personal



**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Greene is a resident of Springfield, Tennessee.

2. Defendant Cintas Corporation is a corporation organized and existing under the laws of the State of Washington, with its principal executive offices in Cincinnati, Ohio. Defendant maintains a registered agent in Washington, and conducts continuous and systematic business throughout the State of Washington and this District through numerous operating facilities in the Seattle area and elsewhere in this State.

## JURISDICTION AND VENUE

3. This Court has Federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

4. This Court has general personal jurisdiction over Defendant because Cintas Corporation is incorporated under the laws of the State of Washington and is therefore at home in this State, and because Defendant maintains continuous and systematic contacts with Washington, including operating facilities and a registered agent located within this State.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is a resident of this District for venue purposes and because a substantial part of the events and Defendant's business activities giving rise to the claims occurred in this District.

## INTRODUCTION

6. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019



**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.1 billion robocalls were placed in May 2026 alone, at a rate of 132.8 million per day. www.robocallindex.com (last visited June 14, 2026).

11. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of*

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls



**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

*1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

14. Defendant Cintas provides products and services to businesses throughout the US, including CPR and first aid training.[3]

15. Cintas charges a fee for its CPR and first aid training, as is stated on the cintas.com website:



[4]

16. Defendant Cintas places calls to consumers and businesses to generate revenue.

17. Defendant Cintas fosters a work environment in which it strongly encourages its employees to engage in cold calling.

18. In job postings for a sales representative, prospective employees are explicitly told that they will generate revenue through cold calling:

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/cintas/about/
[4] https://trainingcentral.cintas.com/courses/first-aid-cpr-aed-bbp



**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424



**Sales Representative - First Aid & Safety**

Albany, NY

Requisition Number: 225067

Job Description

Cintas is seeking a Sales Representative to focus on new business-to-business account development in our First Aid and Safety Division. Responsibilities include prospecting, cold calling, setting appointments with prospects, presenting programs and meeting a sales quota. Sales Representatives will also transport samples of products for presentations. Cintas provides a thorough sales training program, including product knowledge, mentorship, sales process and business development strategies.

Key Responsibilities:

- Generating revenue and meeting sales targets
- Developing and qualifying leads within respective territory to drive additional sales opportunities through cold-calling and lead generation campaigns
- Gathering and utilizing business intelligence on prospects to support sales calls, product presentations and driving new business

[5]

19. In the Glassdoor profile for Cintas, there is only one question presented for interview preparations, and it pertains to cold calling:




[6]

---

[5] https://jobs.cintas.com/albany-ny/sales-representative-first-aid-safety/E1AB93E26B6C4371B1A65C46C546838A/job/

[6] https://www.glassdoor.com/Interview/Are-you-comfortable-cold-calling-QTN_4142352.htm



**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

20. In job reviews, current and former Cintas employees have posted about the cold calling they had to engage in, including:

★☆☆☆☆ April 8, 2026

**Very Demanding and high stress**

**Facility Services Sales Representative**

While they have a decent sales training, the stress and pressure from making a sale can be overwhelming. Office would publicly shame those on the team who did not achieve what was expected. Theres an extremely heavy emphasis on cold calling, and once you sell a customer you're moving on to the next with no relationship building. You're selling a contract for 5 years, [7]

**Good pay, but demanding cold calling and travel - Sales Representative Cintas Employee Review**

5.0 ★★★★★ Apr 15, 2026

Sales representative

Former employee, more than 3 years | Hickory, NC

✓ Recommend ✓ CEO approval ✓ Business Outlook

Pros

Good money but hard work

Cons

Lot of cold calling and time on the road [8]

★★★★★ December 15, 2023

**What a great company!**

**Sales Representative - First Aid & Safety** Seattle, WA

This is the first time I work for a company that really cares about its employees, the culture is amazing, weekly meetings and consistent trainings, debriefs with management, pay is AMAZING, car package is great, I 100% recommend Cintas. Hardest part of the job is cold-call but they'll teach you how to master that part! [9]

21. Defendant Cintas is placing unsolicited calls to phone numbers that are registered on the DNC, as per Plaintiff's experience.

22. In response to these calls, Plaintiff Greene brings this case seeking injunctive

---

[7] https://www.indeed.com/cmp/Cintas/reviews?fcountry=US&ftext=cold%20call
[8] https://www.glassdoor.com/Reviews/Employee-Review-Cintas-E1256-RVW103574328.htm
[9] https://www.indeed.com/cmp/Cintas/reviews?fcountry=US&ftext=cold%20call



**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Class and costs.

**PLAINTIFF GREENE'S ALLEGATIONS**

23. Plaintiff Greene is the sole owner and user of his cell phone number ending in 0427.

24. Plaintiff Greene registered his cell phone number on the DNC on March 23, 2026.

25. Plaintiff Greene uses his cell phone number for personal use only as one would use a landline telephone number in a home, including to communicate with family and friends.

26. Plaintiff Greene has never advertised his cell phone number online or used it for business purposes.

27. Plaintiff Greene pays for this cell phone number personally. It is not reimbursed by a business.

28. Plaintiff Greene does not own or operate any business, does not maintain any commercial location, and has never used the cell phone number ending in 0427 in connection with any business or commercial activity.

29. To the extent Defendant's voicemails referenced training "at your location," Plaintiff has no such location; those references reflect Defendant's indiscriminate solicitation practices, not any business use of Plaintiff's number. Defendant had no basis to treat Plaintiff's number as anything other than a residential line.

30. The calls that Plaintiff Greene received from Cintas were received more than thirty one days after the Plaintiff registered his cell phone number on the DNC.

31. On May 8, 2026 at 1:19 PM, Plaintiff Greene received an unsolicited call to his cell phone from 440-746-7782.

32. This call was not answered, but a voicemail was left stating:



**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

"Mike - Cintas (unintelligible) CPR training. Hi there, my partner Art Turro messaged me letting me know that you were interested in scheduling CPR and AED training for your location. If you could, give me a call back 440-746-7782 and we can go ahead and discuss getting you scheduled for recertification. I did send over an email with some dates. Feel free to look out for that and call back when you can. Thank you."

33. The calls described above were placed by Defendant Cintas, acting through its employees or agents acting within the scope of their employment or agency. When the number 440-746-7782 is dialed, a Cintas employee answers and identifies the company as Cintas.[10]

34. In the voicemail, the caller identifies the company name Cintas.

35. According to Whitepages.com, 440-746-7782 is registered to Cintas Corporation:



[11]

36. Plaintiff Greene is not familiar with Art Turro, or Mike.

37. Plaintiff Greene did not receive an email from Cintas, Art Turro, or Mike.

38. On May 20, 2026 at 8:58 AM, Plaintiff Greene received a 2nd unsolicited call to his cell phone from 440-746-7782.

39. This call was not answered, but a voicemail was left stating:

[10] Based on an investigation conducted by Plaintiff's attorneys.
[11] https://www.whitepages.com/phone/1-440-746-7782



**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424




40. On May 31, 2026, Plaintiff Greene received a 3rd unsolicited call to his cell phone from 440-746-7782.

41. This call was not answered, but a voicemail was left stating:

(9 seconds of dead silence before there is background sound.) 7 more seconds of live background sounds before, "Mike. Hey there, this is Mike from Cintas, reaching out regarding some (unintelligible) CPR AED training at your location. If you could, give me a call back. 440-746-7782. Thank you."

42. On June 11, 2026 at 9:45 AM, Plaintiff Greene received a 4th unsolicited call to his cell phone from 440-746-7782.

43. This call was not answered, but a voicemail was left stating:



**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424




44. Plaintiff Greene has never inquired about getting CPR or AED training.

45. Plaintiff Greene has never done business with Cintas.

46. Plaintiff Greene has never provided his cell phone to Cintas or any of its employees.

47. Plaintiff Greene has never provided consent to Defendant Cintas to receive solicitation calls.

48. Defendant's violations were willful and knowing. Defendant placed at least four solicitation calls to Plaintiff's number over approximately five weeks, after the number had been registered on the DNC for more than thirty one days.

49. Defendant maintains, or is required to maintain, access to the DNC and procedures to avoid calling registered numbers, yet repeatedly called Plaintiff's registered number despite his lack of any prior relationship with or consent to Defendant.

50. The unauthorized telephone calls that Plaintiff received from the Defendant have



**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

harmed Plaintiff Greene in the form of annoyance, nuisance, and invasion of privacy, occupied his phone memory, and disturbed the use and enjoyment of his phone.

51. Seeking redress for these injuries, Plaintiff Greene, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

52. Plaintiff Greene brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> All persons throughout the United States (1) who did not provide their telephone number to Defendant, (2) to whom Defendant placed more than one telephone solicitation call within any 12-month period promoting Defendant's goods or services, (3) where the person's residential telephone number had been registered with the National Do Not Call Registry for at least 31 days before the first such call, (4) within four years preceding the filing of this Complaint through the date of class certification.

53. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Greene anticipates the need to amend the Class definitions following appropriate discovery.

54. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

55. **Commonality and Predominance**: There are many questions of law and fact



**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant Cintas placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least thirty one days before each call;

(b) whether the calls constitute a violation of the TCPA;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

56. **Adequate Representation**: Plaintiff Greene will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Greene has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Greene and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff Greene nor his counsel have any interest adverse to the Class.

57. **Appropriateness**: this class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Greene. Additionally, the damages suffered by individual members of the Class will likely be small



**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Greene and the Class)**

58. Plaintiff repeats and realleges paragraphs 1-57 of this Complaint and incorporates them by reference herein.

59. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

60. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

61. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Greene and the Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.



**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

62. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Greene and the Class received more than one call in a 12-month period made by the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

63. As a result of Defendant's conduct as alleged herein, Plaintiff Greene and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

64. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

**PRAYER FOR RELIEF**

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all calling activity that is done without proper consent, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Greene requests a jury trial.

///

///

///



**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

**MICHAEL GREENE**, individually and on behalf of all others similarly situated,

DATED this 22nd day of June, 2026.

By: /s/ *Eric R. Draluck*
Eric R. Draluck
WSBA No. 19881
271 Winslow Way E., #11647
Bainbridge Island, WA 98110
Telephone: (206) 605-1424
eric@dralucklaw.com

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Trial Counsel*

*Attorneys for Plaintiff and the putative Class*

**Pro Hac Vice motion forthcoming*



**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424